IN THE SUPREME COURT OF NORTH CAROLINA

No. 186A15

FILED 6 NOVEMBER 2015

IN RE: INQUIRY CONCERNING A JUDGE, NO. 14-169 & 14-192
JAMES T. HILL, Respondent

This matter is before the Court pursuant to N.C.G.S. §§ 7A-376 and -377 upon a recommendation by the Judicial Standards Commission entered 6 May 2015 that Respondent James T. Hill, a Judge of the General Court of Justice, District Court Division, Judicial District 14, State of North Carolina, be publicly reprimanded for conduct in violation of Canons 1, 2A, 3A(1), 3A(3), and 3A(4) of the North Carolina Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. This matter was calendared for argument in the Supreme Court on 2 September 2015, but determined on the record without briefs or oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure and Rule 2(c) of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission.

*No counsel for Judicial Standards Commission or Respondent.*

ORDER

By the recommendation of the North Carolina Judicial Standards Commission (Commission), the issue before this Court is whether James T. Hill (Respondent), a Judge of the General Court of Justice, District Court Division, Judicial District 14,

should be publicly reprimanded for conduct in violation of Canons 1, 2A, 3A(1), 3A(3), and 3A(4) of the North Carolina Code of Judicial Conduct and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. Respondent does not contest the facts or oppose the Commission's recommendation that he be publicly reprimanded.

On 2 February 2015, the Commission's Counsel filed a statement of charges alleging that Respondent had engaged in inappropriate conduct while presiding over divorce proceedings in the matter of *Morrison v. Morrison*, Durham County File No. 14-CVD-0047, by

> exhibiting a failure to remain patient, dignified, and courteous to the parties appearing before him; making inappropriate comments to the parties before him; misstating the law when threatening future contempt proceedings; improperly exercising his contempt powers thereby denying multiple parties their fundamental rights of due process; and failing to maintain order and decorum in the proceedings before him.

Respondent filed a motion on 5 February 2015 to extend time to file an answer, which the Commission granted on the same day, thereby allowing Respondent until 30 March 2015 to file his response. Opposing counsel did not object to the motion. On 24 March 2015, the Commission notified Respondent that a hearing would take place on 10 April 2015. On 10 April 2015, Respondent and the Commission Counsel filed joint evidentiary and disciplinary stipulations under Commission Rule 22.

On 6 May 2015, the Commission made its recommendation, which contained the following stipulated findings of fact:

STIPULATED EVIDENTIARY FACTS

1. The investigative panel of the Commission alleged that, in the matter of Durham County File No. 14-CVD-47, Morrison v. Morrison, Respondent engaged in conduct inappropriate to his judicial office by:
 a. exhibiting a failure to remain patient, dignified, and courteous to the parties appearing before him;
 b. making inappropriate comments to the parties before him;
 c. misstating the law when threatening future contempt proceedings;
 d. improperly exercising his contempt powers thereby denying multiple parties their fundamental rights of due process.

2. Respondent presided over a contentious multi-day custody hearing in Morrison v. Morrison, which concluded on 7 August 2014[.]  Durham County routinely records each of its domestic court sessions with audio and visual equipment. The recording in Durham County File No. 14-CVD-47 shows, after hearing all the evidence and before announcing a decision, Respondent[ ]was not patient, dignified, nor courteous with the parties before him.  In a raised voice and sharp tone, Respondent proceeded to lecture both Mr. and Mrs. Morrison. During this soliloquy, Respondent made several inappropriate comments including repeatedly and loudly chastising the parties that they were acting like idiots. Respondent admitted during his 22 December 2014 interview with Commission staff, that he "said all of those things."

3. When Respondent addressed the parties on 7 August 2014, he threatened them with contempt if either party violated the Court's order. "And I better not hear either of you saying anything negative about the other

party or y'all gonna get a little trip to the Durham County Bed and Breakfast for contempt of court. And there is no appeal, you stay until I say you get out."

4.      Respondent's frequent references to the local jail facility as the "Durham County Bed and Breakfast" were inappropriate for court. Respondent's statement that there is no appeal and the parties would not be released until Respondent said so, is a misstatement of the law. A person found in criminal or civil contempt may appeal in the manner provided for appeals in other criminal or civil actions. See N.C.G.S. § 5A-17 and § 5A-24 (italics omitted). During his interview with Commission staff, Respondent admitted, "that was not accurate and I should not have said that." Respondent has acknowledged that he misstated the law when he threatened the parties with future contempt stating that there would be no appeal, but was attempting to warn the parties that future conduct could be punished by the contempt powers of the Court and Respondent wanted the parties to be aware of the consequences of future conduct.

5.      Respondent, when addressing Ms. Morrison's contemptuous behavior following a heated verbal exchange [between Ms. Morrison and Respondent][1], failed to respect and comply with Chapter 5A of the N.C. General Statutes. Respondent has indicated his intention was to hold Ms. Morrison in direct criminal contempt, though he used a civil commitment form that was available in the courtroom. However, Respondent failed to follow proper procedure for either civil or criminal contempt. In the mishandling of his contempt powers, Respondent did not afford Ms. [Morrison] the full right to be heard according to the law, which resulted in a substantial violation to Ms. Morrison's due process rights.

6.      Respondent also failed to respect and comply

---

[1] Here, the video recording of the hearing shows that Respondent and Ms. Morrison engaged in a verbal exchange.

with the applicable law when handling the disruptive behavior of Ms. Morrison's family members in court on August 7, 2014. Again, Respondent did not follow proper procedure for either civil or criminal contempt when he filed Commitment Orders for Civil Contempt for both Gloria Woods and Sherrod Smith.

7. The effects from Respondent's misconduct in this matter have been exacerbated by the video footage capturing the events of this hearing. Because Respondent's comments and Ms. Morrison's outburst were captured on video, this incident was highly publicized with media coverage both locally and nationwide. In addition to the facts as set forth in this Stipulation, Respondent agrees the Durham County court video recording of this matter will also be included in the evidentiary record for these Judicial Standards inquiries.

8. Respondent has a good reputation in his community. In the most recent Judicial Performance Evaluation, Respondent received an overall performance rating of 4.19. Of the 120 Judges evaluated, the average was 3.56. The actions identified by the Commission as misconduct by Respondent appear to be isolated and do not form any sort of recurring pattern of misconduct. Respondent has been fully cooperative with the Commission's investigation, voluntarily providing information about the underlying legal matter and fully and openly admitting error.

9. Respondent, as a trial judge in a custody action, is to be guided by the principal [sic] of the "best interest of the child." Respondent acknowledges that during his "soliloquy" that he made several inappropriate comments including repeatedly telling the parties that they were acting like idiots. The comments by Respondent, though inappropriate, were an attempt by Respondent to make the parties aware the most important person involved in the hearing was the minor child. Respondent's comments, though inappropriate, were an attempt by Respondent to act in the best interest of the minor child.

10. Respondent agreed to stipulations of fact and disposition to bring closure to this matter and because of his concern for protecting the integrity of the court system. While Respondent believed he was acting within the scope of his discretion and that he was acting to preserve the integrity of the Court, with the benefit of hindsight, he now admits and understands his error and that in fact his actions, even if unintentional and not motivated by malice or ill-intent, did constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute although he did not intend for that to happen. Respondent believed he was punishing Ms. Morrison and her family for direct criminal contempt which may be summarily implemented pursuant to N.C.G.S. § 5A-13. Respondent now understands every person held in contempt under this statute is entitled to both notice and an opportunity to respond. In all future dealings, Respondent will make every effort to ensure that every person legally interested in a contempt proceeding receives their opportunity to be heard according to the law.

11. Respondent was represented by counsel in these proceedings and entitled to go forward with the hearing scheduled for 9:30 a.m. on 10 April 2015. However, after having discussed the matter with his counsel and reflected upon the circumstances that have brought us to this juncture, Respondent agreed to accept a recommendation of public reprimand from the Commission and to acknowledge that the conduct set out in the stipulation establishes by clear and convincing evidence that this conduct is in violation of the North Carolina Code of Judicial Conduct and is prejudicial to the administration of justice that brings the judicial office into disrepute in violation of [N.C.]G.S. § 7A-376[(b)].

12. Respondent acknowledges the ultimate jurisdiction for the discipline of judges is vested with the NC Supreme Court pursuant to Chapter 7A, Article 30 of the North Carolina General Statutes, which may either accept, reject, or modify any disciplinary recommendation

from the Commission. (citations to Commission Exhibits omitted).

The Commission adopted stipulations that addressed certain procedural issues and established the Commission's jurisdiction over the hearing. In addition to findings of fact, the Commission made the following conclusions of law based on clear and convincing evidence:

> 1. In his adjudication of the matter of Durham County File No. 14-C VD-47, Morrison v. Morrison, Respondent exhibited a failure to remain patient, dignified, and courteous to the parties appearing before him; made inappropriate comments to the parties before him; misstated the law when threatening future contempt proceedings; and acted in violation of Chapter 5A of the North Carolina General Statutes, effectively denying those he held in contempt of their due process rights.
>
> 2. Respondent's actions, as described in stipulated Findings of Fact One (1) through Seven (7), constitute violations of Canon 1, Canon 2A, Canon 3A(1), Canon 3A(3), and Canon 3A(4) of the North Carolina Code of Judicial Conduct. Respondent's actions constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. [§ 7A- 376].
>
> 3. Respondent's conduct, as described in stipulated Findings of Fact Eight (8) through Twelve (12), is recognized by the Commission as evidence of his cooperation with the Commission in its investigation, his recognition and acknowledgement that his actions were inappropriate and his promise to avoid similar inappropriate conduct in the future.

When reviewing a recommendation from the Commission, the Supreme Court "acts as a court of original jurisdiction, rather than in its typical capacity as an

appellate court." *In re Hartsfield*, 365 N.C. 418, 428, 722 S.E.2d 496, 503 (2012) (order) (quoting *In re Badgett*, 362 N.C. 202, 207, 657 S.E.2d. 346, 349 (2008) (order)). We have discretion to "adopt the Commission's findings of fact if they are supported by clear and convincing evidence, or [we] may make [our] own findings." *Id.* at 428, 722 S.E.2d at 503 (alterations in original) (quoting *In re Badgett,* 362 N.C. at 206, 657 S.E.2d at 349). The scope of our review is to "first determine if the Commission's findings of fact are adequately supported by clear and convincing evidence, and in turn, whether those findings support its conclusions of law." *Id.* at 429, 722 S.E.2d at 503 (quoting *In re Badgett,* 362 N.C. at 207, 657 S.E.2d at 349).

After careful review, this Court concludes that the Commission's findings of fact are supported by clear, cogent, and convincing evidence in the record. In addition, we conclude that the Commission's findings of fact support its conclusions of law. We therefore accept the Commission's findings and adopt them as our own. Based upon those findings and conclusions and the recommendation of the Commission, we conclude and adjudge that Respondent should be publicly reprimanded.

Therefore, pursuant to N.C.G.S. §§ 7A-376(b) and -377(a5), it is ordered that Respondent James T. Hill be PUBLICLY REPRIMANDED for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b) and that violates Canons 1, 2A, 3A(1), 3A(3), and 3A(4) of the North Carolina Code of Judicial Conduct.

By order of the Court in Conference, this the 5th day of November, 2015.

/s/ Ervin, J.
For the Court

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 5th day of November, 2015.

CHRISTIE S. CAMERON ROEDER

Clerk of the Supreme Court

_____

Assistant Clerk